UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WASHINGTON PLACE INDIANA, LLC, <br> WASHINGTON PLACE INDIANA 945, LLC, <br> WASHINGTON PLACE INDIANA 1073, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONWIDE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 1:20-cv-02222-JPH-DML

**ORDER ON JURISDICTION**

Plaintiffs filed their complaint against Nationwide Mutual Insurance Company on August 24, 2020 alleging diversity jurisdiction. Dkt. 1. For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state of incorporation and a state of principal place of business." *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.

Here, the complaint identifies three LLCs: (1) Plaintiff Washington Place Indiana, LLC, (2) Plaintiff Washington Place Indiana 945, LLC, and (3) Plaintiff

1

Washington Place Indiana 1073, LLC. Dkt. 1. But it fails to identify either the LLCs' members or the citizenship of those members. Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, the Court **ORDERS** Plaintiffs to file a jurisdictional statement by **September 29, 2020**, addressing the issues identified in this order.

**SO ORDERED.**

Date: 8/28/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Brandon W. Smith
MORGAN & MORGAN
brandonsmith@forthepeople.com